IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CASE NO.  2:24-cr-20016 |
| | ) |
| v. | ) |
| | ) |
| **TIMOTHY DURKIN**, | ) |
| | ) |
| **Defendant.** | ) |

**MOTION TO DISMISS COUNTS ONE TO THIRTY-THREE OF THE INDICTMENT AS MULTIPLICITOUS**

On February 7, 2024, Timothy Durkin was charged by indictment with, among other allegations, 33 counts of violating 18 U.S.C. § 922(a)(1)(A). Each count involves one individual transaction in which Mr. Durkin allegedly sold AM-15 rifles without a license. Section 922(a)(1)(A), however, criminalizes the continuing conduct of *engaging in the business* of selling firearms without a license—and not individual transactions. The Tenth Circuit has recognized, with a similarly worded statute, that single transactions cannot establish *engaging in the business* of selling explosive materials without a license. *United States v. Graham*, 305 F.3d 1094, 1099 (10th Cir. 2002).

The 33 counts, therefore, are multiplicitous.  Not only that, dozens of felony charges will appear highly prejudicial to a jury. The appropriate remedy is to dismiss counts 1 to 33 or for the government to elect a single § 922(a)(1)(A) charge before trial. This will avoid

1

the unfair risk of a compromise verdict. And it will avoid the waste of juror resources spent deliberating over dozens of invalid allegations.

## Background

The indictment alleges that Mr. Durkin purchased AM-15 rifles from Anderson Manufacturing and resold them to firearm dealers and individuals. Indictment at 3 (Dkt. No. 1). Twenty-six alleged violations of 18 U.S.C. § 922(a)(1)(A) are based on AM-15 sales that were made to firearms dealers. Specifically, counts 1 to 24 allege 24 separate sales to Ammo Planet of Kirksville, Missouri between August 18, 2020, and May 24, 2021. Count 25 alleges a single sale to Tulsa Tactical of Claremore, Oklahoma on March 30, 2021. And Count 26 alleges a single sale to Locked and Loaded of Pana, Illinois on November 18, 2020.

Counts 27 to 33 involve individual sales that Mr. Durkin allegedly made at the Wanemacher Gun Show in Tulsa, Oklahoma in April of 2019 and April of 2021.

For each count it is alleged that Mr. Durkin "did willfully engage in the business of dealing and manufacturing firearms by purchasing or selling completed AM-15 rifles" without a license. *See* Indictment at 6, 8, 9, 10 (Dkt. No. 1). As noted above, each count involves a single transaction with an entity or individual.

## Argument

**1. Multiplicitous indictments**

A multiplicitous indictment charges the same criminal behavior in multiple counts, which violates the Fifth Amendment's prohibition against double jeopardy. *United States*

*v. Johnson*, 130 F.3d 1420, 1424 (10th Cir. 1997). Multiplicity is an indictment defect that should be challenged before trial. *See* FED R. CRIM. P. 12(b)(3)(B)(ii). Multiplicity analysis requires determining the "allowable unit of prosecution" under the statutory language. *United States v. Elliott*, 937 F.3d 1310, 1313 (10th Cir. 2019). This is a question of statutory interpretation. *Id*.

2. **Counts 1 to 33 are multiplicitous.**

   Turning to the statute, § 922(a)(1)(A) makes it unlawful to:

   > *engage in the business of importing, manufacturing, or dealing in firearms*, or in the course of such business to ship, transport, or receive any firearm in interstate or foreign commerce.

18 U.S.C. § 922(a)(1)(A) (emphasis added). The indictment charges only the italicized language and claims that Mr. Durkin "did willfully engage in the business of dealing and manufacturing firearms by purchasing or selling completed AM-15 rifles." *See* Indictment at 6, 8, 9, 10. [The unitalicized language is irrelevant here.]

The problem is that the charged conduct of *engaging in the business* of selling firearms without a license refers to a continuing course of conduct and not separate transactions. The Tenth Circuit held as much with the identical operative statutory language of 18 U.S.C. 842(a)(1) in *United States v. Graham*, 305 F.3d 1094 (10th Cir. 2002). To compare the key statutory language:

| 18 U.S.C. 922(a)(1)(A) | 18 U.S.C. 842(a)(1) |
|---|---|
| It shall be unlawful—<br><br>(1) for any person— | (a) It shall be unlawful for any person— |

| | |
|---|---|
| (A) except a licensed importer, licensed manufacturer, or licensed dealer, to *engage in the business of importing, manufacturing, or dealing* in firearms, . . . | (1) to *engage in the business of importing, manufacturing, or dealing* in explosive materials without a license issued under this chapter. |

With an agreement from the government, *Graham* held that an indictment that charged separate violations of 18 U.S.C. § 842(a)(1) based on individual sales of explosive material was multiplicitous. *Id*. at 1099. As *Graham* teaches, "engaging in the business" of selling prohibited items punishes "continuing conduct rather than separate offenses." *Id*.

The application of *Graham* to this case requires the same outcome. Counts 1 to 33 are multiplicitous. They should have been charged as a single count of continuing conduct.

3. **The appropriate remedy is to require the government to charge a single 18 U.S.C. § 922(a)(1)(A) count before trial.**

The court is left with the issue of remedy. The court can dismiss counts 1 to 33 or require the government to elect a single § 922(a)(1)(A) charge before trial. *United States v. Patterson*, 760 F. Supp. 2d 1116, 1122 (D.N.M. 2009). Alternatively, the Court may allow the jury to reach a verdict on the current indictment but must vacate any multiplicitous convictions after trial. *Id*.

The Court should dismiss the multiplicitous counts now and require the government to proceed on one count of 18 U.S.C. § 922(a)(1)(A). Good reasons support this. First, allowing the jury to deliberate on multiplicitous counts—especially 33 of them—may falsely and improperly suggest that Mr. Durkin has committed several crimes. *Id*. This

4

increases the risk of a compromise verdict or an assumption that Mr. Durkin is guilty of at least one of the 33 counts. *Id*. (quoting *Johnson*, 130 F.3d at 1424). That is a serious risk.

Second, there is no good reason to require jurors to deliberate on 33 counts when only one count can stand in the event of a conviction. The jurors should not have to evaluate 33 improper charges that, if proven, constitute just one offense. The jurors' time, the Court's time, and the parties' time should not be wasted in this manner.

## Conclusion

For these reasons, Mr. Durkin moves to dismiss counts 1 to 33 or for the government to elect a single § 922(a)(1)(A) charge before trial.

Respectfully submitted,

*/s/ Joseph Miller*
Joseph Miller
P.O. Box 83440
Fairbanks, AK 99708
(907) 451-8559
Email: joe@joemiller.law
KS Bar No. 20771

*/s/ Charles Flood*
Charles Flood
Flood & Flood Law Office
914 Preston, Suite 800
Houston, TX 77002
(713) 223-5959
Email: charles@floodandflood.com
Texas Bar No. 00798178
Federal I.D. No. 22508

*Attorneys for Timothy Durkin*

5

## CERTIFICATE OF CONFERENCE

Charles Flood has conferred with Assistant U.S. Attorney Faiza Alhambra who is opposed to this motion.

*/s/ Joseph Miller*
Joseph Miller

## CERTIFICATE OF SERVICE

I certify that on January 8, 2025, I filed the foregoing document to the Clerk of Court using the ECF System and a transmittal notice of electronic filing will send an email of the filing to all parties.

*/s/ Joseph Miller*
Joseph Miller