IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 2:24-cr-20016-DDC |
| TIMOTHY DURKIN, | |
| Defendant. | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNTS ONE TO THIRTY-THREE OF THE INDICTMENT AS MULTIPLICITOUS**

The United States of America, by and through Assistant United States Attorney Faiza H. Alhambra, responds to defendant's *Motion to Dismiss Counts One to Thirty-Three of the Indictment as Multiplicitous* (doc. 21). In Response, the Government provides as follows:

I.   **Background**

On February 7, 2024, the defendant was charged in a thirty-five count Indictment with 34 counts of Engaging in the Business of Firearms (18 U.S.C. § 922(a)(1)(A)) and one count of making a False Statement, in violation of 18 U.S.C. § 1001(a)(2). (Doc. 1.) The Indictment arises from the Defendant's acts of selling hundreds of AR-15 style rifles for profit to other firearms dealers and to individuals at gun shows, knowing that he was required to have a federal firearms license to do so.

II.   **Analysis**

   A.   **Engaging in the Business of Firearms**

The relevant statute in this case, 18 U.S.C. § 922(a)(1)(A) provides that "[i]t shall be unlawful for any person except a licensed importer, licensed manufacturer, or licensed dealer, to

1

engage in the business of importing, manufacturing, or dealing in firearms, or in the course of such business to ship, transport, or receive any firearm in interstate or foreign commerce[.]"

To succeed under this statute, the Government must prove the following elements:

> *First*: Defendant was a dealer in firearms on [date], engaged in the business of selling firearms at wholesale or retail;
>
> *Second*: Defendant engaged in such business without a license issued under federal law; and
>
> *Third*: Defendant did so willfully, that is, that Defendant was dealing in firearms with knowledge that his conduct was unlawful.

*See* Pattern Jury Instructions for the Tenth Circuit, Criminal Instruction No. 2.41 (2021).

The term "engaged in the business" means ... as applied to a dealer in firearms, as defined in section 921(a)(11)(A), a person who devotes time, attention, and labor to dealing in firearms as a regular course of trade or business to predominantly earn a profit through the repetitive purchase and resale of firearms, but such term shall not include a person who makes occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his personal collection of firearms[.]

The term "to predominantly earn a profit" means that the intent underlying the sale or disposition of firearms is predominantly one of obtaining pecuniary gain, as opposed to other intents, such as improving or liquidating a personal firearms collection: Provided, That proof of profit shall not be required as to a person who engages in the regular and repetitive purchase and disposition of firearms for criminal purposes or terrorism. 18 U.S.C. § 921(a)(22).

### B. Mutiplicity

"Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior." *United States v. Johnson*, 130 F.3d 1420, 1424 (10th Cir. 1997). The test for multiplicity "is whether the individual acts [alleged in the counts at issue] are prohibited, or the course of [conduct] which they constitute." *United States v. Graham*, 305 F.3d 1094, 1100 (10th Cir. 2002). "If the former, then each act is punishable separately. If the latter, there can be but one penalty." *Id*.

The government concedes that 18 U.S.C. § 922(a)(1)(A) punishes a pattern of behavior and a course of conduct. As a result, multiple *sentences* would violate Double Jeopardy. Here, in part because of the volume of firearms in each transaction, each count survives on its own and each one standing alone can establish that the defendant engaged in the business of selling firearms without a license.

### C. The Appropriate Remedy

Multiplicity is not fatal to an indictment. *Johnson*, 130 F.3d at 1424. Multiplicitous counts which may result in multiplicitous convictions are considered improper because they allow multiple *punishments* for a single criminal offense. *United States v. Jenkins*, 313 F.3d 549, 557 (10th Cir. 2002) (emphasis added). "Multiplicitous counts - those which are based on the same criminal behavior - are improper because they allow multiple *punishments* for a single criminal offense." *United States v. McIntosh,* 124 F.3d 1330, 1336 (10th Cir. 1997) (emphasis added).

Where multiplicitous convictions are found, "the only remedy ... is for the District Court ... to exercise its discretion to vacate one of the underlying convictions as well as the concurrent sentence based upon it." *Rutledge v. United States*, 517 U.S. 292, 301-02 (1996).

In *Graham*, the defendant challenged three separate convictions for knowingly engaging in the business of selling explosive devices. The Tenth Circuit found the three separate convictions were multiplicitous because the government admitted the statute at issue punished continuing conduct rather than separate offenses and that defendant was in essence receiving three punishments for the same offense. *Graham*, 305 F.3d at 1099. Importantly, the Tenth Circuit did not vacate the convictions and require a new jury trial because of the multiplicitous counts, but instead found they could not allow the defendant to receive three *punishments* for the same offense." *Id*. at 1100 (emphasis added). As a result, the Tenth Circuit remanded with instructions that the district court vacate two counts of the convictions along with the concurrent sentences. *Id*.

While Rule 12 of the Federal Rules of Criminal Procedure generally requires defendants to move pretrial to challenge a defect based on multiplicity, Fed. R. Crim. P. 12(b)(3)(B)(ii), it does not prescribe the remedy for these defects.

Rules about multiplicity are pleading rules, the violation of which is not fatal to an indictment. *United States v. Robinson*, 651 F.2d 1188, 1194 (6th Cir. 1981). While a defendant may challenge a duplicitous or multiplicitous indictment by moving to require the government to elect either the count or the charge within the count upon which it will rely, a multiplicitous indictment is also remediable by the court's instruction to the jury particularizing the distinct offense charged in each count in the indictment, or by the use of an augmented unanimity charge and special verdict forms. *United States v. Strukov*, No. 3:23-cr-000127-4, 2024 U.S. Dist. LEXIS 62166, at *28 (M.D. Tenn. Apr. 4, 2024); *United States v. McCafferty*, No. 1:10CR387, 2011 U.S. Dist. LEXIS 33567, 2011 WL 933771, at *9 (N.D. Ohio Mar. 16, 2011).

Proper jury instructions can mitigate the risk of jury confusion and alleviate the doubt that would otherwise exist as to whether all members of the jury had found the defendant guilty of the same offense.

In addition, the dismissal of convictions can be a proper remedy. *Graham*, 305 F.3d at 1099.

### D. Prejudice

The danger with multiplicity is with the risk of multiple *punishments* for the same offense, not with the appearance of enhanced criminal violations. Here, the Indictment is drafted in a way that breaks down the various firearm transactions by Count. (Doc. 1.) For example, Counts 1 through 24 are contained in a chart, which provides the various dates of sales of firearms to Ammo Planet. Count 25 provides the date and sales of firearms to Tulsa Tactical. Count 26 provides the date and sales of firearms to Locked and Loaded. Counts 27 through 33 provide a chart of the various dates of sales of firearms at the Wanenmacher Gun Show.

All of the evidence the government would seek to admit at trial would be the same, regardless of whether the transactions were called "Counts" or simply described as transactions.

If anything, the government's indictment allows the jury to provide a unanimous verdict, by agreeing to what particular transactions it found beyond a reasonable doubt.

The government's evidence is different as to each count. The government will offer amongst other things, receipts, invoices, and testimony regarding a particular count that differs from the receipts, invoices, and testimony of another count. The jury might be convinced by some of the evidence, but not other evidence.

### III.  Conclusion

The risk posed by multiplicity can be eliminated at sentencing or by a special jury verdict. The government requests that the defendant's Motion to Dismiss be denied.

Respectfully submitted,

DUSTON SLINKARD
ACTING UNITED STATES ATTORNEY

/s/ *Faiza H. Alhambra*
Faiza H. Alhambra # 24525
Assistant United States Attorney
United States Attorney's Office
500 State Avenue, Suite 360
Kansas City, KS 66101
(913) 551-6940
(913) 551-6541 (fax)
Faiza.Alhambra@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2025, I electronically filed the foregoing motion with the clerk of the court, under seal, by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/*Faiza H. Alhambra*
Faiza H. Alhambra 24525
Assistant United States Attorney