IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO.  2:24-cr-20016-DDC |
| | ) |
| v. | ) |
| | ) |
| **TIMOTHY DURKIN**, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNTS ONE TO THIRTY-THREE OF THE INDICTMENT AS MULTIPLICITOUS

The United States charged Mr. Durkin with thirty-three (33) separate counts of "engaging in the business of dealing in firearms without a license," in violation of 18 U.S.C. § 922(a)(1)(A), on the theory that he allegedly "brokered" (arranged) transactions between licensed manufacturers and licensed dealers.  The United States now "concedes that 18 U.S.C. § 922(a)(1)(A) punishes a pattern of behavior and a course of conduct."  Government's Response to Defendant's Motion to Dismiss Counts One to Thirty-Three of the Indictment as Multiplicitous ("Response") at 3, ECF No. 24.  Accordingly, the United States agrees that "[m]ultiplicitous counts which may result in multiplicitous convictions are considered improper" and, if Mr. Durkin were convicted of more than one of these charges, "multiple sentences would violate Double Jeopardy."  *Id.* (emphasis removed).

The parties thus are in agreement that Mr. Durkin's "engaged in the business" charges are multiplicitous and that multiple convictions would be unconstitutional.  The parties dispute only the appropriate remedy.  Mr. Durkin requests outright dismissal of the multiplicitous

1

charges or, in the alternative, that the United States be ordered to "elect[1] a single § 922(a)(1)(A) charge before trial."  Motion to Dismiss Counts One to Thirty-Three of the Indictment as Multiplicitous ("MTD") at 1, ECF No. 21.  Either remedy would avoid the "highly prejudicial" suggestion that Mr. Durkin committed "dozens of felony" crimes, the "unfair risk of a compromise verdict," and the "waste of juror resources spent deliberating over dozens of invalid allegations." *Id.* at 1-2.

In response, the United States acknowledges the availability of charge election (Response at 4), but denies that the risk of unfair prejudice warrants any remedy.  Indeed, the United States posits that "[t]he danger with multiplicity is with the risk of multiple *punishments* for the same offense, *not with the appearance of enhanced criminal violations*." *Id.* at 5 (emphasis added).  Accordingly, the United States suggests that the harm of multiplicity is "remediable" via jury instruction or may be "eliminated at sentencing or by a special jury verdict." *Id.* at 4, 6.  But neither of these remedies would mitigate the inherent harm or wastefulness of a jury analyzing dozens of multiplicitous charges of the *same* crime.  Nor does the United States' position comport with the overwhelming consensus among courts, within this Circuit and without, that the risk of prejudice *warrants dismissal* of extraneous charges.

Indeed, it is beyond dispute that "multiplicity … may improperly suggest to the jury that the defendant has committed more than one crime." *United States v. Johnson*, 130 F.3d

---

[1] *See, e.g.*, *United States v. Jackson*, 2017 U.S. Dist. LEXIS 26035, at *5 (N.D. Iowa Feb. 24, 2017) ("[P]otential prejudice can sometimes be avoided by requiring the prosecution to elect between counts charged rather than merging sentences."); *United States v. Clarridge*, 811 F. Supp. 697, 714 (D.D.C. 1992) ("The government shall accordingly decide within twenty days hereof which of the counts it wishes to go forward on, and the other two counts will at that time be dismissed by the Court.").

1420, 1424 (10th Cir. 1997). Other circuits are in accord,[2] and the United States' own cited cases state the same.[3] Thus, "the federal rules of procedure are designed to discourage the practice," *United States v. Smith*, 591 F.2d 1105, 1108 (5th Cir. 1979), and "[w]hen confronted with a multiplicitous indictment, a trial court has the discretion to dismiss the multiplicitous counts...." *United States v. Ganadonegro*, 854 F. Supp. 2d 1088, 1101 (D.N.M. 2012).[4] Pretrial dismissal, whether outright or via election, is warranted when multiplicitous charges "create the impression of more criminal activity than in fact occurred." *Johnson*, 130 F.3d at 1426. As one district court within this Circuit observed:

> a trial court may allow multiplicitious charges to go to the jury, *but it should decline to do so* if the combination of charges unduly suggest to the jury that the defendant has committed *numerous crimes* or if there is reason to believe that the jury might become confused by the various charges and default to a compromise verdict. [*United States v. Holder*, 2020 U.S. Dist. LEXIS 13631, at *17-18 (D. Colo. Jan. 28, 2020) (emphases added).]

---

[2] *See, e.g.*, *United States v. Carter*, 576 F.2d 1061, 1064 (3d Cir. 1978) (emphasis added) ("*[E]ven if ... [multiple sentences] ... do[] not result, [multiplicity] may prejudice the jury against the defendant* by creating the impression of more criminal activity on his part than in fact may have been present."); *United States v. Marquardt*, 786 F.2d 771, 778 (7th Cir. 1986) (same); *United States v. Smith*, 591 F.2d 1105, 1108 (5th Cir. 1979) ("[A]n adverse psychological effect on the jury may result from the suggestion that several crimes have been committed."); *Wieland v. Brown*, 1990 U.S. App. LEXIS 19856, at *14 (6th Cir. Nov. 8, 1990) (emphasis added) (One "danger of a multiplicitous indictment is … *that it may prejudice the defendant*[] by causing the jury to convict on a given count solely on the strength of evidence on the counts remaining."); *United States v. Smith*, 231 F.3d 800, 815 (11th Cir. 2000) ("[A] multiplicitous indictment may improperly prejudice a jury by suggesting that a defendant has committed several crimes – not one.").

[3] *See* Response at 4; *United States v. Strukov*, 2024 U.S. Dist. LEXIS 62166, at *26 (M.D. Tenn. Apr. 4, 2024) ("Multiplicitous indictments … give the impression that the defendant committed two crimes instead of one."); *United States v. McCafferty*, 2011 U.S. Dist. LEXIS 33567, at *35 (N.D. Ohio Mar. 16, 2011) ("The harm of multiplicity is that it may … unfairly suggest that more than one crime has been committed.").

[4] *Accord United States v. King*, 713 F. Supp. 2d 1207, 1218 (D. Haw. 2010) ("A court may redress multiplicity in an indictment by dismissal of multiplicitous counts...."); *United States v. Barnaby*, 2021 U.S. Dist. LEXIS 128442, at *25 (E.D.N.Y. July 8, 2021) ("Where, as here, the indictment charges defendants with violating the same statutory section in multiplicitous counts, the court may dismiss the multiplicitous charges prior to trial.").

The inadequacy of other remedies in highly multiplicitous cases is apparent. Courts recognize the "adverse psychological effect on the jury" of the "suggestion that several crimes have been committed," *Smith*, 591 F.2d at 1108, a risk that even a jury instruction has no guarantee of curing.[5] Indeed, "'[o]nce such a message is conveyed to the jury, the risk increases that the jury will be diverted from a careful analysis of the conduct at issue,' and will reach a compromise verdict or assume the defendant is guilty on at least some of the charges." *Johnson*, 130 F.3d at 1426. Thus, in *United States v. Clarridge*, 811 F. Supp. 697 (D.D.C. 1992), one district court ordered election and subsequent dismissal of only "*two*" multiplicitous counts. *Id.* at 701 (emphasis added).

Here, the sheer number of multiplicitous charges – 33 separate violations – and their admitted complexity counsel in favor of outright dismissal of all but one. This double-digit number of charges appears to be unprecedented in a multiplicity case. Indeed, of the United States' cited cases, the greatest number of multiplicitous charges was just *six*. *See United States v. McCafferty*, 2011 U.S. Dist. LEXIS 33567, at *39-43 (N.D. Ohio Mar. 16, 2011).

And, as the United States anticipates, "[t]he government's evidence is different as to each count." Response at 5. The United States therefore anticipates jurors to engage in a factual analysis *dozens of times*, all for the possibility of yielding just *one* constitutionally permissible conviction. It therefore seems a likely scenario that jurors would "reach a compromise verdict or assume the defendant is guilty on at least some of the charges." *Johnson*, 130 F.3d at 1426. Indeed, "it would certainly be helpful – and would streamline trial considerably – if the government chose to dismiss the … charges" that are multiplicitous.

---

[5] Nor would a jury instruction cure the "waste of juror resources spent deliberating over dozens of invalid allegations." MTD at 2.

*United States v. Strukov*, 2024 U.S. Dist. LEXIS 62166, at *28 (M.D. Tenn. Apr. 4, 2024). Because the United States has declined to do so, this Court should dismiss the superfluous charges.

Finally, the United States demurs that, because its "evidence is different as to each count," the "jury might be convinced by some of the evidence, but not other evidence," and so all multiplicitous charges should remain. Response at 5. But in fact, this demonstrates why dismissal is appropriate. Because "engaging in the business" "punishes a pattern of behavior and a course of conduct,"[6] the jury must be convinced, based on the totality of the evidence, that Mr. Durkin unlawfully engaged in the business. Allowing the jury to, as the government posits, be "convinced by [only] some of the evidence," might allow the jury to convict based on a single transaction described in a single one of the multiplicitous counts. In contrast, requiring the United States to elect a single count allows it to offer all its evidence of multiple transactions in a single count.

Moreover, granting the relief Mr. Durkin seeks would avoid any potential for conflict with another district court's injunction against the Department of Justice. In a June 11, 2024 order, the Northern District of Texas preliminarily enjoined enforcement of a Bureau of Alcohol, Tobacco, Firearms and Explosives rulemaking, "Definition of 'Engaged in the Business as a Dealer in Firearms," 89 Fed. Reg. 28968. There, ATF had claimed that "'*a single firearm transaction* or offer to engage in a transaction' may" constitute "engaging in the

---

[6] Response at 3 ("The government concedes that 18 U.S.C. § 922(a)(1)(A) punishes a pattern of behavior and a course of conduct."); *see also Texas v. BATFE*, 2024 U.S. Dist. LEXIS 103441, at *24 (N.D. Tex. June 11, 2024) (citing "Section 921(a)(21)(C)'s use of (1) 'firearms,' in the plural; (2) the phrase 'regular course,' clearly contemplating a series of events; (3) 'repetitive,' meaning more than once; and (4) the Section's exemption of 'sales, exchanges, or purchases' in the plural").

business" and therefore "require a license." *Texas v. BATFE*, 2024 U.S. Dist. LEXIS 103441, at *5 (N.D. Tex. June 11, 2024) (emphasis added).[7] But, as the District Court explained, because the statute "contemplat[es] a series of events" and poses "conjunctive requirement[s]," *id.* at *24, allowing deliberation of individual multiplicitous charges, each alleging "a single firearm transaction," would allow conviction under a theory of the law that ATF has been ordered not to enforce. On the other hand, prosecution under a single count, with evidence of multiple transactions, is precisely what the statute demands and would offer no potential for conflict with the Texas District Court's order.

Because the risk of jury prejudice far outweighs any benefit from prosecuting 33 redundant charges, Mr. Durkin's Motion to Dismiss should be granted.

Respectfully submitted,

*/s/ Joseph Miller*
Joseph Miller
P.O. Box 83440
Fairbanks, AK 99708
(907) 451-8559
Email: joe@joemiller.law
KS Bar No. 20771

*/s/ Charles Flood*
Charles Flood
914 Preston, Suite 800
Houston, TX 77002
(713) 223-5959
Email: charles@floodandflood.com
 Federal I.D. No. 22508
*Attorneys for Timothy Durkin*

---

[7] The Department of Justice has appealed the district court's grant of this preliminary injunction to the Fifth Circuit. This appeal is pending oral argument. *See Texas v. BATFE*, No. 24-10612 (5th Cir.).