# UNITED STATES DISTRICT COURT
### District of Kansas
(Kansas City Docket)

UNITED STATES OF AMERICA,

        Plaintiff,

v.                             CASE NO. 24-CR-20016-DDC

TIMOTHY DURKIN,

        Defendant.

# SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES**:

### <u>Introduction</u>

1.    At all times relevant to this Indictment, defendant Timothy DURKIN was a Kansas resident with his principal residence in Eudora, Kansas. DURKIN at no time had a Federal Firearms License ("FFL") issued by the United States Bureau of Alcohol, Tobacco Firearms and Explosives ("ATF"), and thus was not licensed to transport, manufacture or deal in firearms.

2.    At all times relevant to this Indictment, DURKIN owned a business called Durkin Tactical, LLC ("Durkin Tactical") which was created on February 15, 2017.

Durkin Tactical is a domestic limited liability company registered to do business in Kansas and operates under Kansas business entity identification number 8573461. Its registered principal office is in Eudora, Kansas. Durkin Tactical at no time had an FFL issued by the ATF, and thus was not licensed to transport, manufacture, or deal in firearms. Durkin Tactical purported to be engaged in the business of selling firearm parts and accessories.

3.    DURKIN knew that he was required to obtain a FFL to engage in the selling of firearms. On October 7, 2021, DURKIN told an ATF Special Agent that he thought about becoming a FFL holder, but did not pursue it.

4.    Durkin Tactical had a public Facebook account ("Durkin Tactical"), that among other things, posted firearm accessory sales and upcoming gun shows the business would be attending. On the Facebook page, Durkin Tactical displayed a photo of a banner at a gun show, stating: "AR-15 $599." Durkin Tactical also maintained a website where it offered firearm parts and accessories for sale.

5.    DURKIN had a personal Facebook account ("Tim Durks"), and under "Work and Education," it reported DURKIN as the owner at Durkin Tactical from 2015 to the present date.

## ANDERSON MANUFACTURING

6.    Anderson Manufacturing is a firearms manufacturer headquartered in Hebron, Kentucky. Anderson Manufacturing produces firearm parts, accessories, and completed firearms. It produces the AM-15 Rifle, which is a 5.56 caliber semi-automatic rifle with a 16-inch barrel and 15-inch hand guard. The AM-15 Rifle is similar in style to the more commonly known AR-15 rifle produced by Colt (formerly ArmaLite).

7.      DURKIN purchased a high volume of firearms parts and accessories from Anderson Manufacturing.   Because of the volume of sales he had with Anderson Manufacturing, DURKIN was able to receive discount prices on goods.

8.      During the COVID-19 worldwide pandemic, AM-15/AR-15 style rifles were in short supply. DURKIN was able to purchase completed AM-15 rifles from Anderson Manufacturing at discount prices, due to his previously established relationship with the company; even when others found it difficult, due to demand, to be able to purchase AM-15 rifles from Anderson Manufacturing during that time.

9.      Due to limited availability, DURKIN would then resell the completed AM-15 rifles to other customers at a marked-up price. DURKIN would sometimes sell these completed firearms in bulk to business holders with an FFL who would sell them to end customers.  At other times, DURKIN would sell the completed firearms to individuals at gun shows.

10.     At gun shows, DURKIN at times concealed the sale of the completed firearms by having an FFL holder placing the firearm purchase in its books.  Ultimately, the customers paid DURKIN for the firearms and DURKIN profited from the firearms sales.

11.     Due to scarce availability, DURKIN would profit from the firearm sales because of the discount he received from Anderson Manufacturing and the increased price for which he would resell the firearms.

**<u>AMMO PLANET</u>**

12.     Ammo Planet is a Federal Firearm License holder located in Kirksville,

Missouri.

13.     DURKIN offered to Ammo Planet that he could get AM-15 rifles from Anderson Manufacturing when Ammo Planet was not able to get them directly.  Knowing he had a purchaser ready, DURKIN purchased completed AM-15 rifles from Anderson Manufacturing and paid Anderson Manufacturing for the rifles. He invoiced and requested payment from Ammo Planet for the rifles and was paid directly by Ammo Planet. DURKIN requested that the rifles ship directly to Ammo Planet.

## TULSA TACTICAL

14.     Tulsa Tactical is a Federal Firearm License holder located in Claremore, Oklahoma.  DURKIN offered to Tulsa Tactical that he could get AM-15 rifles from Anderson Manufacturing when Tulsa Tactical was not able to get them directly. DURKIN purchased completed AM-15 rifles from Anderson Manufacturing and paid Anderson Manufacturing for the rifles. DURKIN requested that the rifles ship directly to Tulsa Tactical in Claremore, Oklahoma.

## LOCKED AND LOADED

15.     Locked and Loaded is a Federal Firearm License holder located in Pana, Illinois.  DURKIN offered to Locked and Loaded that he could get AM-15 rifles from Anderson Manufacturing when Locked and Loaded was not able to get them directly. Knowing he had a purchaser ready, DURKIN purchased completed AM-15 rifles from Anderson Manufacturing and paid Anderson Manufacturing for the rifles. He invoiced and requested payment from Locked and Loaded for the rifles and was paid directly by Locked and Loaded.  DURKIN requested that the rifles ship directly to Locked and Loaded.

## WANENMACHER GUN SHOW

16.     The Wanenmacher's Tulsa Arms Gun Show ("Wanenmacher Gun Show") is a large gun show located in Tulsa, Oklahoma. Vendors can set up booths at the gun show to buy, sell, or trade firearms. Durkin Tactical often set up a booth at these gun shows. On April 10-11, 2021, Durkin Tactical had a booth with firearm accessories and completed firearms for sale.  The Durkin Tactical booth had a banner which advertised "AR-15 rifles" for "$599." DURKIN sold completed AM-15 firearms to customers at the April 10-11, 2021, Wanenmacher Gun Show.

17.     On April 10, 2021, customers purchased completed firearms from DURKIN and paid Durkin Tactical. However, because DURKIN and Durkin Tactical did not hold an FFL, and were not legally permitted to engage in the business of dealing firearms, DURKIN would complete the paperwork through Tulsa Tactical.  However, Tulsa Tactical was not the true seller of the completed firearms.

## COUNT ONE

### ENGAGING IN THE BUSINESS OF DEALING
### IN FIREARMS WITHOUT A LICENSE
### [18 U.S.C. § 922(a)(1)(A)]

### SALES TO AMMO PLANET

18.     Paragraphs 1 through 17 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

19.     On or about April 6-7, 2019, to May 27, 2021, in the District of Kansas and elsewhere, the defendant,

**TIMOTHY DURKIN,**

not being a licensed dealer, importer, or manufacturer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing and manufacturing firearms by purchasing or selling completed AM-15 rifles. To Wit:

| Shipped Date | Firearms |
|---|---|
| August 18, 2020 | 50 AM-15 rifles sold to Ammo Planet. |
| August 21, 2020 | 50 AM-15 rifles sold to Ammo Planet. |
| August 24, 2020 | 50 AM-15 rifles sold to Ammo Planet. |
| August 31, 2020 | 22 AM-15 rifles sold to Ammo Planet. |
| September 4, 2020 | 22 AM-15 rifles sold to Ammo Planet. |
| September 4, 2020 | 28 AM-15 rifles sold to Ammo Planet. |
| September 18, 2020 | 50 AM-15 rifles sold to Ammo Planet. |
| September 21, 2020 | 28 AM-15 rifles sold to Ammo Planet. |
| September 23, 2020 | 50 AM-15 rifles sold to Ammo Planet. |
| October 2, 2020 | 50 AM-15 rifles sold to Ammo Planet. |
| October 5, 2020 | 50 AM-15 rifles sold to Ammo Planet. |
| October 16, 2020 | 50 AM-15 rifles sold to Ammo Planet. |

| October 29, 2020 | 50 AM-15 rifles sold to Ammo Planet. |
| November 5, 2020 | 50 AM-15 rifles sold to Ammo Planet. |
| November 17, 2020 | 50 AM-15 rifles sold to Ammo Planet. |
| December 7, 2020 | 50 AM-15 rifles sold to Ammo Planet. |
| December 15, 2020 | 50 AM-15 rifles sold to Ammo Planet. |
| January 6, 2020 | 50 AM-15 rifles sold to Ammo Planet. |
| January 12, 2021 | 50 AM-15 rifles sold to Ammo Planet. |
| January 14, 2021 | 50 AM-15 rifles sold to Ammo Planet. |
| January 20, 2021 | 50 AM-15 rifles sold to Ammo Planet. |
| January 25, 2021 | 50 AM-15 rifles sold to Ammo Planet. |
| March 24, 2021 | 50 AM-15 rifles sold to Ammo Planet. |
| May 24, 2021 | 50 AM-15 rifles sold to Ammo Planet. |

## SALES TO TULSA TACTICAL

| Shipped Date | Firearms |
| --- | --- |
| March 30, 2021 | 50 AM-15 rifles sold to Tulsa Tactical. |

## SALES TO LOCKED AND LOADED

| Shipped Date | Firearms |
| --- | --- |
| November 18, 2020 | 50 AM-15 rifles sold to Locked and Loaded. |

## SALES AT WANENMACHER GUN SHOW

| Date of Sale | Firearms |
| --- | --- |
| April 10, 2021 | 28 AM-15 rifles sold to Jackson Jewelry & Pawn at Wanenmacher Gun Show. |
| April 10, 2021 | 4 AM-15 rifles sold to Magnum Gun Sales at Wanenmacher Gun Show. |
| April 10, 2021 | 1 AM-15 rifle sold to James Wells at Wanenmacher Gun Show. |
| April 10, 2021 | 1 AM-15 rifle sold to Johnny Mullen at Wanenmacher Gun Show. |
| April 10, 2021 | 1 AM-15 rifle sold to Ronald Denny at Wanenmacher Gun Show. |
| April 10, 2021 | 1 AM-15 rifle sold to Jeff Kottre at Wanenmacher Gun Show. |
| April 6-7, 2019 | 1 AM-15 rifle sold to Joseph Turnbill at Wanenmacher Gun Show. |

20.     In violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a)

and 924(a)(1)(D).

## COUNT TWO
## FALSE STATEMENTS IN CONNECTION
## WITH ACQUISITION OF A FIREARM
## [18 U.S.C. §§ 922(a)(6) and 924(a)(2)]

21.     Paragraphs 1 through 20 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

22.     On or about or between October 23, 2020, to October 27, 2020, in the District of Kansas and elsewhere, the defendant,

**TIMOTHY DURKIN,**

in connection with the acquisition of a Barrett Model 821A1 long gun bearing serial number AAG11197, did knowingly and willfully make a false and fictitious statement to Locked and Loaded, which statement intended to deceive Locked and Loaded as to a fact material to the lawfulness of such sale of said firearm to TIMOTHY DURKIN under Chapter 44, Title 18, United States Code; in that TIMOTHY DURKIN represented that he was a lawful user of a Federal Firearm License.

23.     In violation of Title 18, United States Code, Section 922(a)(6) and 924(a)(2).

## COUNT THREE
## FALSE STATEMENTS
## [18 U.S.C. § 1001(a)(2)]

24.     Paragraphs 1 through 23 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

25.     On or about October 7, 2021, in the District of Kansas and elsewhere, the defendant,

9

**TIMOTHY DURKIN,**

did knowingly and willfully, make one or more materially false, fictious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the Government of the United States, that is, the United States Bureau of Alcohol, Tobacco Firearms and Explosives, in that the defendant stated he had not sold a single gun in the last year. The statements and representations were false, fictious, and fraudulent because, as the defendant then and there knew, he had sold firearms in the last year.

26.    In violation of Title 18, United States Code, Section 1001(a)(2).

## FORFEITURE ALLEGATION

27.    The allegations contained in Counts 1-3 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

## Firearms and Ammunition Forfeiture

28.    Upon conviction of one or more of the offenses set forth in Counts 1 and 2 of this Indictment, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), any firearms or ammunition involved in the commission of the offenses, including, but not limited to:

   a.    a Barrett Model 821A1 long gun bearing serial number AAG11197; and

   b.    ammunition.

A TRUE BILL.

April 9, 2025                          s/Foreperson
DATE                          FOREPERSON OF THE GRAND JURY

DUSTIN J. SLINKARD
ACTING UNITED STATES ATTORNEY

By: */s/ Faiza H. Alhambra*
Faiza H. Alhambra
Assistant United States Attorney
District of Kansas
500 State Avenue, Suite 360
Kansas City, Kansas 66101
Ph: (913) 551-6904
Fax: (913) 551-6541
Email: Faiza.alhambra@usdoj.gov
Ks. S. Ct. No. 24525

By: *Trent M. Krug*
TRENT M. KRUG
Assistant United States Attorney
District of Kansas
500 State Avenue, Suite 360
Kansas City, Kansas 66101
Ph: (913) 551-6730
Fax: (913) 551-6541
Email: Trent.Krug@usdoj.gov
Ks. S. Ct. No. 19454

IT IS REQUESTED THAT THE TRIAL BE HELD IN KANSAS CITY, KANSAS

## **PENALTIES**

**Count 1: Engaging in the Business of Dealing in Firearms Without a License, 18 U.S.C. § 922(a)(1)(A)**

- Punishable by a term of imprisonment of not more than five (5) years.  18 U.S.C. § 924(a)(1)(D);

- A term of supervised release of not more than one (1) year.  18 U.S.C. § 3583(b)(3);

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3);

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A);

- Forfeiture. 18 U.S.C. § 924(d)

**Count 2: False Statements in Connection with Acquisition of a Firearm, 18 U.S.C. §§ 922(a)(6) and 924(a)(2):**

- Punishable by a term of imprisonment of not more than ten (10) years.  18 U.S.C. § 924(a)(2);

- A term of supervised release of not more than three (3) years.  18 U.S.C. § 3583(b)(2);

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3);

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A);

- Forfeiture. 18 U.S.C. § 924(d)

**Count 3: False Statements, 18 U.S.C. § 1001(a)(2)**

- Punishable by a term of imprisonment of not more than five (5) years. 18 U.S.C. § 1001(a).

- A term of supervised release of not more than one (1) year. 18 U.S.C. § 3583(b)(3).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3). In the alternative, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571(d).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).