IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

TIMOTHY DURKIN (01),

        Defendant.

Case No. 24-20016-01-DDC

## MEMORANDUM AND ORDER

Defendant Timothy Durkin filed two pre-trial motions. Doc. 20; Doc. 21. The first of these motions (Doc. 20) requests a Bill of Particulars under Fed. R. Crim. P. 7(f). The second motion (Doc. 21) asks the court to dismiss some of the counts in the Indictment (Doc. 1) as multiplicitous. This Order denies Mr. Durkin's Motion for Bill of Particulars (Doc. 20) on the merits, and it denies Mr. Durkin's Motion to Dismiss (Doc. 21) as moot.

### I.    Background

A grand jury indicted Mr. Durkin on 33 charges of engaging in the business of dealing in firearms without a license, violating 18 U.S.C. § 922(a)(1)(A); one charge of making false statements in connection with acquiring a firearm, violating 18 U.S.C. §§ 922(a)(6) and 924(a)(2); and one charge of making false statements, violating 18 U.S.C. § 1001(a)(2). Doc. 1 at 5–12. Mr. Durkin filed his Motion for Bill of Particulars (Doc. 20) and Motion to Dismiss (Doc. 21). Then, in a Superseding Indictment (Doc. 31), the grand jury indicted Mr. Durkin on one charge of engaging in the business of dealing in firearms without a license, violating 18 U.S.C. § 922(a)(1)(A); one charge of making false statements in connection with acquiring a

firearm, violating 18 U.S.C. §§ 922(a)(6) and 924(a)(2); and one charge of making false statements, violating 18 U.S.C. § 1001(a)(2).  Doc. 31 at 5–10

## II.        Motion for Bill of Particulars (Doc. 20)

Mr. Durkin's first motion asks for a Bill of Particulars.  Doc. 20 at 3.  Rule 7(f) provides in relevant part that the "court may direct the government to file a bill of particulars.  The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits."  Fed. R. Crim. P. 7(f).[1]  A bill of particulars informs "the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy" in a later prosecution. *United States v. Higgins*, 2 F.3d 1094, 1096 (10th Cir. 1993) (quotation cleaned up).  A bill of particulars isn't necessary when an indictment sets out the elements of the offense and sufficiently informs defendant of those charges to allow him to prepare for trial.  *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996) (citing *United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992)).  "An indictment need not go further and allege in detail the factual proof that will be relied upon to support the charges."  *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988) (quotation cleaned up).  That is, a defendant "is not entitled to know all the *evidence* the government intends to produce, but only the *theory* of the government's case[.]"  *Id.* at 1030 (emphasis in original) (quotation cleaned up).  In sum, a bill of particulars "is not a discovery device[.]" *Id.* at 1029 (citation omitted).

Mr. Durkin argues that he needs the precise false statement the government alleges he made to mount a defense against the false-statement charge.  Doc. 20 at 3.  The court disagrees.

---

[1]  The court arraigned Mr. Durkin on February 21, 2024.  Doc. 5.  And Mr. Durkin filed his Motion for Bill of Particulars on January 8, 2025.  Doc. 20.  Mr. Durkin's motion is thus untimely.  Fed. R. Crim. P. 7(f).  But the government didn't raise this point, *see generally* Doc. 25, so the court addresses Mr. Durkin's motion on the merits.

"An indictment is 'generally sufficient if it sets forth the offense in the words of the statute so long as the statute adequately states the elements of the offense.'" *Dunn*, 841 F.2d at 1029 (quoting *United States v. Salazar*, 720 F.2d 1482, 1486 (10th Cir. 1983)).  Here, the Superseding Indictment alleges the elements of a false-statement crime.  *See* Doc. 31 at 9–10; *see also United States v. Tao*, 107 F.4th 1179, 1184 (10th Cir. 2024) (explaining that—for a 18 U.S.C. § 1002(a)(2) conviction—the government must prove "(1) [defendant] made a statement; (2) the statement was false, fictitious or fraudulent, as he knew; (3) the statement was made knowingly and willfully; (4) the statement was made in a matter within the jurisdiction of a federal agency; and (5) the statement was material" (quotation cleaned up)).

What's more, the government's response brief spells out the exact statement that the government contends is false and serves as the basis for the § 1002(a)(2) prosecution.  Doc. 25 at 3.  And in lieu of the court holding a hearing on the matter, the government—with Mr. Durkin's consent—submitted an audio file of the phone call where Mr. Durkin made this allegedly false statement.  Because the government now has provided defendant with the information he requested, the court needn't grant Mr. Durkin's request for a Bill of Particulars.  *See Dunn*, 841 F.2d at 1029 (suggesting that district court abuses its discretion only if the defendant "was actually surprised at trial and thereby incurred prejudice to his substantial rights" (quotation cleaned up)); *see also United States v. Griffith*, 362 F. Supp. 2d 1263, 1278 (D. Kan. 2005) ("A bill of particulars is unnecessary where the information the defendant seeks is available through some other satisfactory form, such as an open file discovery policy." (quotation cleaned up)).  In short, the government has identified the statement that Mr. Durkin made that allegedly violated § 1002(a)(2).  The government thus has fulfilled its duty at this stage to give Mr. Durkin notice

of the factual basis for his prosecution. The court thus denies Mr. Durkin's Motion for Bill of Particulars (Doc. 20).[2]

### III. Motion to Dismiss (Doc. 21)

The court denies Mr. Durkin's Motion to Dismiss (Doc. 21) as moot. That motion asked the court to "to dismiss counts 1 to 33" or to compel the government to bring "a single § 922(a)(1)(A) charge" to trial. Doc. 21 at 1. The Superseding Indictment consolidated the first 33 charges in the Indictment into a single charge. Doc. 31 at 2–9. So, the Superseding Indictment moots Mr. Durkin's Motion to Dismiss (Doc. 21), and the court thus denies that motion for that reason.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Timothy Durkin's Motion for Bill of Particulars (Doc. 20) is denied.

**IT IS FURTHER ORDERED THAT** defendant Timothy Durkin's Motion to Dismiss (Doc. 21) is denied as moot.

**IT IS SO ORDERED.**

**Dated this 5th day of May 2025, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
Daniel D. Crabtree
United States District Judge

---

[2] In passing, Mr. Durkin argues that "the wording of . . . Cou[n]t 35"—which tracks Count 3 in the Superseding Indictment—"is internally inconsistent" because Mr. Durkin's alleged statement was that he "had not sold a single gun in the last year" when in reality he had sold firearms (plural) in the last year. Doc. 20 at 3 (quotation cleaned up) ("A 'single gun' is not 'firearms,' and so Count 35 on its face does not even allege a crime as written."). Even if this argument were persuasive—it's not—a Bill of Particulars wouldn't resolve the issue Mr. Durkin purports to identify. So this singular-plural argument doesn't convince the court that it should grant any of the relief that Mr. Durkin has requested.